1

2

3

4                    UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                              * * *

7   Maricela Luna Munoz et al.,                    Case No. 2:19-cv-00241-RFB-EJY

8                                  Plaintiffs,              ORDER

9            v.

10  Nielsen et al,

11                                 Defendants.

12

13          **I.      INTRODUCTION**

14          Before the Court is Defendants' Motion to Dismiss. ECF No. 17. The Court grants the

15  motion.

16

17          **II.     PROCEDURAL BACKGROUND**

18          The complaint was filed in Arizona on November 26, 2018. ECF No. 1.

19          On January 3, 2019, Defendants moved to stay the case due to the federal government

20  shutdown. ECF No. 7. This motion was granted on January 10, 2019. ECF No. 9.

21          On February 5, 2019, the parties filed a joint stipulation to change venue which was granted

22  on February 8, 2019. ECF Nos. 12, 14. The case was transferred to the District of Nevada on the

23  same day.

24          On March 15, 2019, Defendants filed the instant Motion to Dismiss the Petition for Writ

25  of Mandamus. ECF No. 17. Plaintiffs responded on March 29, 2019, and Defendants replied on

26  April 5, 2019. ECF Nos. 21, 22.

27          The parties stipulated to stay discovery pending the Court's ruling on the instant motion

28  on April 26, 2019 and that stipulation was granted on April 29, 2019. ECF Nos. 23, 24.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.    ALLEGED FACTS**

The following facts are stated as alleged:

Plaintiff Felipe Naranjo Luna was born in Los Angeles, California on July 5, 1968 and, thus, Plaintiff Luna has been a U.S. citizen since birth.

On February 17, 1985, Plaintiff Maricela Luna Munoz was born in Mexicali, Baja California, Mexico. Thus, Plaintiff Luna was sixteen years old when his daughter, Plaintiff Munoz, was born. At the time of Plaintiff Munoz's birth, her mother, Marina Munoz Ponce, was not married to Plaintiff Luna. Marina is not a citizen of the United States but is a lawful permanent resident. Plaintiff Luna and Marina were married in Riverside, California on August 25, 1987 and remain married.

On June 22, 2012, Plaintiff Munoz filed her Form N-600, Application for Certificate of Citizenship, with Defendant USCIS. Plaintiff Munoz claims that, by law, Plaintiff Luna transmitted U.S. citizenship to her at birth and that she has been a U.S. citizen her entire life.

On September 13, 2013, Defendant USCIS's Phoenix Field Office in Phoenix, Arizona denied Plaintiff Munoz's Form N-600. Plaintiff Munoz appealed the Phoenix Field Office's decision to the Defendants' Administrative Appeals Office ("AAO").

The applicable law for transmitting citizenship to a child born abroad out of wedlock when one parent is a U.S. citizen and the other parent is not a U.S. citizen is the statute that was in effect at the time of the child's birth. Because Plaintiff Munoz was born in 1985, she is subject to the laws pertaining to the transmission of U.S. citizenship which were in effect between November 14, 1971 and November 14, 1986.

Former 8 U.S.C. §1401(g), in effect at the time of Plaintiff Munoz's birth, provided, among other things, that the U.S. citizen father of a child born abroad out of wedlock must be physically present in the United States for ten years prior to the child's birth and that presence in the U.S. for five of those ten years must take place after the U.S. citizen father reaches the age of fourteen years old.

On September 27, 2016, the AAO dismissed Plaintiff Munoz's appeal on the sole ground that Plaintiff Luna could not show compliance with all of the requirements of former 8 U.S.C.

1    §1401(g) because he could not show that he had been physically present in the United States for

2    five years after he turned fourteen years old but prior to Plaintiff Munoz being born.

3           It was impossible for Plaintiff Luna to meet all of the requirements for transmitting

4    citizenship to Plaintiff Munoz set forth in former 8 U.S.C. §1401(g) because Plaintiff Luna was

5    only sixteen years old at the time of Plaintiff Munoz's birth and, therefore, it was impossible for

6    him to accrue five years of physical presence in the United States after he turned fourteen years

7    old but prior to Plaintiff Munoz's birth.

8           The transmission requirements set forth in former 8 U.S.C. §1401(g) thus effectively

9    prohibit any U.S. citizen parent under the age of nineteen years old from transmitting U.S.

10   citizenship at birth to his child born abroad out of wedlock between November 14, 1971 and

11   November 14, 1986.

12          The issue of Plaintiff Munoz's citizenship is not and has not been addressed in a removal

13   proceeding.

14          The Plaintiffs have exhausted their administrative remedies.

15

16   **IV.    LEGAL STANDARD**

17          **A.  Motion to Dismiss**

18          In order to state a claim upon which relief can be granted, a pleading must contain "a short

19   and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

20   8(a)(2).

21          In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations

22   of material fact in the complaint are accepted as true and are construed in the light most favorable

23   to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir.

24   2013).

25          To survive a motion to dismiss, a complaint must contain "sufficient factual matter,

26   accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can

27   reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556

28   U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

1   "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim

2   may not simply recite the elements of a cause of action, but must contain sufficient allegations of

3   underlying facts to give fair notice and to enable the opposing party to defend itself effectively.

4   Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief,

5   such that it is not unfair to require the opposing party to be subjected to the expense of discovery

6   and continued litigation."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

7   **B.  8 U.S.C. § 1503**

8   8 U.S.C. § 1503 governs jurisdiction of proceedings for declaration of United States

9   nationality, and states:

10

11   If any person who is within the United States claims a right or privilege as a national
of the United States and is denied such right or privilege by any department or

12   independent agency, or official thereof, upon the ground that he is not a national of
the United States, such person may institute an action under the provisions of

13   section 2201 of Title 28 against the head of such department or independent agency
for a judgment declaring him to be a national of the United States, except that no

14   such action may be instituted in any case if the issue of such person's status as a
national of the United States (1) arose by reason of, or in connection with any

15   removal proceeding under the provisions of this chapter or any other act, or (2) is

16   in issue in any such removal proceeding. An action under this subsection may be
instituted only within five years after the final administrative denial of such right

17   or privilege and shall be filed in the district court of the United States for the district
in which such person resides or claims a residence, and jurisdiction over such

18   officials in such cases is conferred upon those courts.

19

20   **V.      DISCUSSION**

21   Plaintiffs seek declaratory judgment pursuant to 8 U.S.C. § 1503(a) declaring Plaintiff

22   Munoz to be a United States citizen and a Writ of Mandamus compelling Defendants to approve

23   her Form N-600 application and to issue her a Certificate of Citizenship. Plaintiffs allege former

24   8 U.S.C. § 1401(g) in effect between November 14, 1971 and November 14, 1986 should be

25   declared unconstitutional for impermissible age discrimination in violation of the equal protection

26   guarantee of the Due Process clause of the Fifth Amendment.

27   At the time of Plaintiff's birth, 8 U.S.C. § 1401(a)(7), now § 1401(a)(g), declared

28   citizenship to be conferred upon, *inter alia*:

1

2
3
4
5

> (g) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . .

6

7

8

9

10

11

12

13

14

15

16

Defendants in the instant motion seek to dismiss the complaint on the basis that the statute's age classification satisfies rational basis review and therefore does not violate the equal protection guarantee. ECF No. 6 at 6-7. Specifically, Defendants assert Congress has a legitimate interest in establishing ties between the United States and foreign-born children and the physical presence requirement is rationally related to that congressional purpose, as it does not irrationally discriminate against fathers under the age of nineteen and adult parents may have more of a connection to the United States than young parents. Id. at 8-9 (citing United States v. Flores-Villar, 536 F.3d 990, 998 (9th Cir. 2008), aff'd, 564 U.S. 210 (2011), and abrogated on other grounds by Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017); United States v. Perez-Toledo, 259 F. App'x 915, 916 (9th Cir. 2007)). As there was no constitutional violation in denying Plaintiff Munoz's application for citizenship, denial was proper and the complaint should be dismissed.

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs counter by asserting that congressional intent with regard to related provisions in the statute indicates that the physical presence requirement in § 1401(g) is irrational. Specifically, Plaintiffs argue that the enactment of 8 U.S.C. § 1409(c), a related provision now defunct after the Supreme Court's decision in Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017), which permitted unwed U.S. citizen mothers to transmit citizenship to their foreign-born children after only residing in the United States for one year prior to the child's birth, indicates that Congress considered one year to be sufficient to satisfy the congressional purpose of establishing ties between the United States and the foreign-born child. ECF No. 21 at 7. Further, this provision is evidence of congressional belief that one year of physical residence is sufficient regardless if satisfied before or after the U.S. citizen parent reached age fourteen. Id. at 7-8. The five-year physical presence requirement in § 1401(g) is not therefore rationally related to the purported legitimate government interest in fostering ties, as that interest is sufficiently met after a mere year

- 2 -

1   of physical presence. Id. at 8. Consequently, as there is no rational basis for the five-year

2   requirement, the provision discriminates against Plaintiffs on the basis of age by serving as an

3   absolute bar to Plaintiff Luna's ability to transmit citizenship to Plaintiff Munoz.

4           The applicable equality guarantee in a case involving federal legislation is the guarantee

5   implicit in the Fifth Amendment's Due Process Clause. Sessions v. Morales-Santana, 137 S. Ct.

6   1678, 1686 n.1 (2017) (citing Weinberger v. Wiesenfeld, 420 U.S. 636, 638, n.2 (1975) ("[W]hile

7   the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so

8   unjustifiable as to be violative of due process. This Court's approach to Fifth Amendment equal

9   protection claims has always been precisely the same as to equal protection claims under the

10  Fourteenth Amendment.") (citations and internal quotation marks omitted; alteration in original).

11          Because Plaintiff Munoz "claims [she] is, and since birth has been, a U.S. citizen," the

12  appropriate standard of review of the Equal Protection claim before the Court is not the "facially

13  legitimate and bona fide" standard established in Fiallo v. Bell, 430 U.S. 787 (1977). See Morales-

14  Santana, 137 S. Ct. at 1693-94. However, because Plaintiffs assert age discrimination, and age

15  discrimination is subject to rational basis review, the appropriate level of scrutiny is nonetheless

16  substantively the same. See id. at 1693 (describing the "facially legitimate and bona fide" standard

17  employed in Fiallo v. Bell as "rational-basis review").

18          Age is not a suspect classification and discrimination by the government on the basis of

19  age does not offend the Constitution if the age classification is rationally related to a legitimate

20  state interest:

21

22          Under the Fourteenth Amendment, a State may rely on age as a proxy for other
            qualities, abilities, or characteristics that are relevant to the State's legitimate
23          interests. The Constitution does not preclude reliance on such generalizations. That
            age proves to be an inaccurate proxy in any individual case is irrelevant. "[W]here
24          rationality is the test, a State 'does not violate the Equal Protection Clause merely
            because the classifications made by its laws are imperfect.'"
25

26  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83 (2000) (citations omitted).   "[B]ecause an age

27  classification is presumptively rational, the individual challenging its constitutionality bears the

28  burden of proving that the facts on which the classification is apparently based could not

- 2 -

1    reasonably be conceived to be true by the governmental decisionmaker." Id. at 84 (internal

2    quotations and citation omitted).

3          The Court finds that Plaintiffs have not established a plausible entitlement to relief. The

4    law in this Circuit is clear. Employing rational basis review to the precise age discrimination claim

5    made here, the Ninth Circuit has explicitly held with regard to § 1401(a)(7), that "it is not irrational

6    to believe that a United States citizen father who has spent at least five years in residence during

7    his teenage years would have more of a connection with this country to pass on than, say, a father

8    who lived in the United States between the ages of one and ten." United States v. Flores-Villar,

9    536 F.3d 990, 998 (9th Cir. 2008), aff'd, 564 U.S. 210 (2011), and abrogated on other grounds by

10   Sessions v. Morales-Santana, 137 S. Ct. 1678 (2017). The Supreme Court's decision in Morales-

11   Santana does not change this analysis, because though the Court was focused on the physical-

12   presence requirement, it was concerned with gender disparity, not age discrimination, and so

13   employed a higher level of scrutiny accordingly. Although Plaintiffs' argument that the one-year

14   physical presence requirement for unwed mothers previously enacted in § 1409(c) would suggest

15   an internal inconsistency that undermines Congress' purported interest in fostering ties between

16   the United States and the foreign-born child via a residency requirement for the citizen parent,

17   rational basis review precludes a finding that this inconsistency renders §1401(g) unconstitutional.

18   The government "does not violate the Equal Protection Clause merely because the classifications

19   made by its laws are imperfect." Kimel, 528 U.S. at 83. As such, the Ninth Circuit's holding in

20   Flores-Villar as to age discrimination continues to be good law in the wake of Morales-Santana,

21   and its holding continues to bind this Court. The Court finds that it has no discretion to deviate

22   from this binding precedent on this issue.

23   //

24   //

25   //

26   //

27   //

28   //

1

## VI.   CONCLUSION

2       **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiffs'

3  Complaint (ECF No. 17) is GRANTED.

4       **IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

5       DATED May 28, 2020.

6

7                                                    _____

**RICHARD F. BOULWARE, II**

8                                                    **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28